UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:   GRACE M. SCARPA

CASE NO.: 3:10-bk-
Debtor

_____/

## SECOND AMENDED PLAN OF REORGANIZATION

DATED: October 19, 2010

Bryan K. Mickler
Law Offices of Mickler & Mickler
Attorney for Debtor-in-Possession
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822
Florida Bar No. 091790
bkmickler@planlaw.com

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the"Code") proposes to pay creditors of the Debtor from future income of the Debtor derived from rental income generated from the real property that the Debtor owns.

This Plan provides for 6 classes of secured claims and 2 classes of unsecured claims (treated equally). Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 1 cents on the dollar. This Plan also provides for the payment of administrative and priority claims either upon the effective date of the Plan or as allowed under the Bankruptcy Code. All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01 Class 1.** Priority Tax Claims

Except to the extent that a holder of an allowed priority tax claim agrees to a different treatment, each allowed priority tax claim shall be paid in full, in cash, in equal quarterly installments over a term not to exceed 5 years from the date of order for relief in this case, together with interest at the rate of 4%. Such payments shall commence on the later of the Effective Date of the Plan or the date on which such claim is allowed. The Debtor reserves the option to prepay all or

a portion of such debt at any time.

**2.02 Class 2**. First Mortgage of BAC Home Loan Servicing, Inc. on 10412 Skycrest Dr. N., Jacksonville, Florida.

This Class consists of the Secured Claim of BAC Home Loan Servicing, Inc. on 10412 Skycrest Dr. N., Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $70,000.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. The Debtor estimates payments to this class to consist of principal and interest of $334.20 and taxes and insurance of $149.00 per month for a total payment of $483.20 per month for the reamortized loan period.

Class 2 is impaired by the Plan. Each holder of an allowed Class 2 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 2 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.03 Class 3**. First Mortgage of Chase on 1337 Kennesaw Lane, Jacksonville, Florida.

This Class consists of the Secured Claim of Chase on 1337 Kennesaw Lane, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $110,000.00. The Debtor will pay the

valuation amount as a re-amortized first mortgage, together with interest at the rate of 4%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. The Debtor estimates payments to this class to consist of principal and interest of $525.16 and taxes and insurance of $334.00 per month for a total payment of $859.16 per month for the reamortized loan period.

Class 3 is impaired by the Plan. Each holder of an allowed Class 3 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 3 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.04 Class 4.** First Mortgage of BB&T on 14111 Ridgewick Dr., Jacksonville, Florida

This Class consists of the Secured Claim of BB&T on 14111 Ridgewick Dr., Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $100,000.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records. To the extent that the foregoing

mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. The Debtor estimates payments to this class to consist of principal and interest of $477.42 and taxes and insurance of $322.00 per month for a total payment of $799.42 per month for the reamortized loan period.

Class 4 is impaired by the Plan. Each holder of an allowed Class 4 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 4 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.05 Class 5** - First Mortgage of BAC Home Loan Servicing, Inc. on 500 Royal Palms, Atlantic Beach, Florida.

This Class consists of the Secured Claim of BAC Home Loan Servicing, Inc. on 500 Royal Palms, Atlantic Beach, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, FL. The Debtor will value this property at the replacement value of $140,000.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. The Debtor estimates payments to this class to consist of principal and interest of $668.39 and taxes and insurance of $293.00 per month for a total payment of $961.39 per month for the reamortized loan period.

Class 5 is impaired by the Plan. Each holder of an allowed Class 5 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 5 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.06 Class 6.** – Secured claim of Vystar on 2004 Chevrolet Impala to be reamortized/paid in full.

This Class consists of the Secured Claim of Vystar Credit Union by virtue of a secured lien on the Debtor's 2004 Chevrolet Impala. The Debtor will reamortize the balance on the above mortgage and repay the balance in full, together with interest at the rate of 5%, in equal monthly installments over a period of 12 months from the effective date of this Plan. The Debtor estimates payments to this class to consist of principal and interest of $81.33 and taxes and insurance of $0.00 per month for a total payment of $81.33 per month for the reamortized loan period.

Class 6 is impaired by the Plan. Each holder of an allowed Class 6 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 6 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.07 Class 7.** – Secured claim of GMAC Mortgage on 467 N. Main St., Gloversville, NY.

This Class consists of the Secured Claim of GMAC Mortgage on the Debtor's real property located at 467 N. Main St., Gloversville, NY. The Debtor will value this property at the replacement value of $55,000.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in

any new payments to be maintained under this Chapter 11 Plan. The Debtor estimates payments to this class to consist of principal and interest of $262.58 and taxes and insurance of $167.00 per month for a total payment of $429.58 per month for the reamortized loan period.

Class 7 is impaired by the Plan. Each holder of an allowed Class 7 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 7 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.08 Class 8** - Wholly Unsecured Second Mortgage Claims

1. Bank of America on 10412 Skycrest Dr. N., Jacksonville, Florida.

2. Bank of America on 14111 Ridgewick Dr., Jacksonville, Florida.

3. Bank of America on 500 Royal Palms, Atlantic Beach, Florida.

The Debtor will value the above secured claims at the replacement value of $0.00 and the claims shall be paid in accordance with general unsecured claims as stated below.

Class 8 is impaired by the Plan. Each holder of an allowed Class 8 claim is entitled to vote to accept or reject the Plan.

**2.09 Class 09**. All unsecured claims (including wholly unsecured second mortgage claims) allowed under § 502 of the Code.

This Class consists of the General Unsecured Claims, including any wholly unsecured second mortgage claims identified above and any unsecured portion of claims valued pursuant to 11 U.S.C. § 506.

The Debtor shall pay all projected disposable income for a period of 60 months to the holder of each Class 9 Claim in equal quarterly installments on the later of the effective date of the Plan or the date on which the Class 9 claim becomes an allowed claim for full satisfaction of the unsecured claims. To the extent that the debtor sells or refinances any real property and receives a

profit, then such profit shall be considered disposable income and committed to the unsecured creditors as stated above. The debtor anticipates distributions to the unsecured creditors of $50.00 per month and will contribute any disposable income from the sale and/or refinance of real properties and tax refunds towards the unsecured creditors during the 5 year commitment period.

Class 9 is impaired by the Plan. The holder of any allowed amount of Class 9 claim is entitled to vote to accept or reject the Plan.

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid in full by regular installments within 5 years of the date of the filing of the Petition by the Debtor in Possession in accordance with 11 U.S.C. § 1129(a)(9).

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

**Class Impairment Treatment**

Class 1. Priority Tax Claims

Impaired- to be paid in equal quarterly installments, with interest of 4%, over a period of time less than 60 months from date of the Order for Relief in this case.

Class 2 - First Mortgage of BAC Home Loan Servicing, Inc. on 10412 Skycrest Dr. N., Jacksonville, Florida

Impaired - to be valued at the replacement value, together with interest of 4%

Class 3 - First Mortgage of Chase on 1337 Kennesaw Lane, Jacksonville, Florida

Impaired - to be valued at the replacement value, together with interest of 4%

Class 4 - First Mortgage of BB&T on 14111 Ridgewick Dr., Jacksonville, Florida.

Impaired - to be valued at the replacement value, together with interest of 4%

Class 5- First Mortgage of BAC Home Loan Servicing, Inc. on 500 Royal Palms, Atlantic Beach, Florida.

Impaired - to be paid in full, together with interest of 4%

Class 6- Vystar claim on 2004 Chevrolet Impala

Impaired - to be paid in full, together with interest of 5% over 12 months

Class 7 – GMAC Mortgage on 567 N. Main St., Gloversville, NY

Impaired – to be valued at the replacement value, together with interest of 4%

Class 8 - Wholly Unsecured Second Mortgage Claims

Impaired - to be valued at $0.00 and paid as general unsecured claim

Class 9 - General Unsecured Claims

Impaired - to be paid all disposable income over a period of 60 months.

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

    1.    Leases between debtor and all tenants currently renting properties on the confirmation date

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a

claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII

## GENERAL PROVISIONS

7.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:   N/A

7.02 Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.07 Corporate Governance. No provisions required by § 1123(a)(6) of the Code.

## ARTICLE VIII

## DISCHARGE

8.01. Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

8.02. The Court may, however, upon Motion and hearing, at its discretion administratively close the case without entry of a discharge, until the plan payments have been made. Upon completion of all payments under the Plan or as otherwise available to the Debtor under Section 1141(d)(5)(B) of the Code, the Debtor intends to file a Motion to Reopen the Case for the limited purpose of obtaining a Discharge.

8.03. The Debtor(s) is/are not entitled to a discharge in this case until completion of all payments under the Plan. To the extent that the case is dismissed or converted to one under Chapter 7, then the creditors' liens shall be restored to pre-petition status and amount, with credit for any post petition payments received (as applied under the pre-petition contractual status).

## ARTICLE IX

## OTHER PROVISIONS

9.01 Payments to the various Classes under this Plan of Reorganization shall commence twenty (20) days after the date that the Plan of Reorganization becomes final and non-appealable unless otherwise specifically stated with respect to treatment of each particular class.

9.02 Pursuant to 11 U.S.C. § 1141(b), confirmation of this plan does not vest property of the estate, as defined by 11 U.S.C. § 1115, in the debtor(s) until discharge of the case.

9.03 This Plan contemplates payments to mortgage holders and/or servicers from property of the estate. Such payments may differ from the original contractual obligation of the debtor(s) pursuant to the mortgage contracts. To the extent that such plan payments are not applied to any modified mortgage account as contemplated by the Plan, the Bankruptcy Court shall retain jurisdiction to enforce the terms of this Plan after confirmation.

DATED THIS 19th DAY OF OCTOBER, 2010.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to Office of the United States Trustee, 135 W. Central Blvd., Ste. 620 Orlando, FL 32801 and to all interested parties as listed on the court's matrix, by CM/ECF filing this 20 day of October, 2010.

Law Offices of Mickler & Mickler

By: _____
Bryan K. Mickler
Florida Bar No. 091790
Attorneys for Debtor in Possession
5452 Arlington Expressway
Jacksonville, FL 322211
(904) 725-0822/FAX 725.0855
bkmickler@planlaw.com